UNITED STATES of America,
Appellee,

v.

Mario Alberto DOMINGUEZ–CHAVEZ, Appellant.

No. 04–2705.

United States Court of Appeals,
Eighth Circuit.

Submitted: Feb. 15, 2005.

Filed: May 24, 2005.

Rehearing and Rehearing En Banc
Denied July 7, 2005.

---

John Messina, Attorney Federal Public Defender, Des Moines, IA, for appellant.

John E. Beamer, Asst. U.S. Attorney, and Andrew H. Kahl, Asst. U.S. Attorney, Des Moines, IA, for appellee.

Before LOKEN, Chief Judge, RILEY and SMITH, Circuit Judges.

RILEY, Circuit Judge.

Mario Alberto Dominguez–Chavez (Dominguez–Chavez) appeals his 70–month sentence imposed by the district court[1] after he pled guilty to one count of being an illegal alien found in the United States following deportation, in violation of 8 U.S.C. § 1326(a). At sentencing, Dominguez–Chavez did not raise a Sixth Amendment challenge to the Sentencing Guidelines computation, or make reference to *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), or *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). Therefore, Dominguez–Chavez has not

---

1. The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

preserved the issue of whether the district court committed *Booker* error,[2] and we review only for plain error. *United States v. Pirani,* 406 F.3d 543, 549–50 (8th Cir., as amended, May 9, 2005) (en banc); Fed. R.Crim.P. 52(b).

 We may notice a claimed error not raised below only where an error is plain, affects the defendant's substantial rights, and " 'seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.' " *Johnson v. United States,* 520 U.S. 461, 467, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997) (quoting *United States v. Olano,* 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)). This is a demanding standard, not easily met. *United States v. Rodriquez–Ceballos,* No. 04–3390, 2005 WL 1131672, slip op. at 6 (8th Cir. May 16, 2005) (citing *United States v. Dominguez Benitez,* 542 U.S. 74, 124 S.Ct. 2333, 2340, 159 L.Ed.2d 157 (2004)).

At sentencing, the district court determined Dominguez–Chavez had a .total offense level of 21 and a criminal history category V, resulting in a Guidelines sentencing range of 70–87 months. The district court enhanced Dominguez–Chavez's criminal history computation by three levels, because Dominguez–Chavez was on parole when the instant offense occurred, and he committed the instant offense two years after release from prison. *See* U.S.S.G. § 4A1.1(d)-(e). Dominguez–Chavez moved for a downward departure based on the (1) overrepresentation of the seriousness of his criminal history, (2) extraordinary familial responsibilities, and (3) cultural assimilation. The district court denied the request to depart downward, and sentenced Dominguez–Chavez to 70 months, finding "a sentence at the bottom of the guideline range is fully adequate to address the offense at issue in this case."

While *Booker* error is plain, Dominguez–Chavez cannot demonstrate the third, substantial prejudice prong under *Johnson* and *Olano. See Pirani,* 406 F.3d at 550–54. In *Pirani,* we ruled a defendant seeking to have his sentence remanded on plain-error review must "establish a reasonable probability that, but for *Booker* error, the defendant would have received a more favorable sentence under an advisory guidelines regime." *Id.* at 12. In this case, the district court imposed the minimum sentence under the applicable guidelines range. "Nothing in the record suggests a reasonable probability that the district court would have imposed a more lenient sentence absent *Booker* error." *Id.* Because Dominguez–Chavez has failed to meet his burden to establish a reasonable probability of actual prejudice, we need not consider whether the plain *Booker* error "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Olano,* 507 U.S. at 732, 113 S.Ct. 1770.

Accordingly, we affirm Dominguez–Chavez's sentence.

---

**2.** *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).